IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50606
Summary Calendar
_____


HERMAN WHITE,

                                        Plaintiff-Appellant,

versus

AMALIA R. MENDOZA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-855
_____
June 29, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Herman White, Texas prisoner # 684880, proceeding pro se, appeals the district court's grant of summary judgment against White and the dismissal of his 42 U.S.C. § 1983 suit. He argues that Amalia Mendoza, clerk of the state district court for Travis County, violated White's right of access to the courts when she failed to timely forward his state habeas record to the Texas Court of Criminal Appeals in accordance with TEX. CODE CRIM. P.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

art. 11.07 § 3(b) and (c) and the state district court judge's order that the record be so transmitted.

We review the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The summary judgment evidence showed that Mendoza was not personally involved with the forwarding of White's state habeas record to the Texas Court of Criminal Appeals, that Mendoza could not otherwise be held liable in her supervisory capacity, and that White failed to show how he was prejudiced by the delayed transmittal of his state habeas record to the Texas Court of Criminal Appeals. The district court properly granted Mendoza's summary judgment motion, denied of White's motion for summary judgment, and dismissed White's § 1983 suit.

White's motion for this court to issue a certificate of appealability is DENIED as unnecessary and his motion to appoint appellate counsel is DENIED.

AFFIRMED. MOTIONS DENIED.